UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROCHELLE M. (CARTER) WRIGHT, )
)
Plaintiff, )
)
v. )          No. 3:06-CV-190
)          (Phillips / Shirley)
COLUMBIA SUSSEX CORPORATION, )
d/b/a KNOXVILLE MARRIOTT )
)
Defendant. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court,

and by Order [Doc. 140] of the Honorable Thomas W. Phillips, United States District Judge, for

disposition of Plaintiff's Motions in Limine One through Five [Doc. 112] and Defendant's Motion

in Limine [Doc. 127]. The Court heard oral argument on the Motions in Limine on February 19,

2008. Present at the hearing were Attorney David A. Burkhalter, III, on behalf of Plaintiff Rochelle

Wright, and Ashley Eley Cannady, on behalf of Defendant Columbia Sussex.

I.      **PLAINTIFF'S MOTIONS IN LIMINE**

        A.      *Plaintiff's First Motion in Limine*

        Plaintiff seeks to preclude the introduction at trial of the EEOC Dismissal and Notice of

Rights letter dated March 27, 2006. It is Plaintiff's position that this determination has an

"evidentiary value of practically zero" under EEOC v. Ford Motor Co., 98 F.3d 1341, 1996 WL

557800, at *7 (6th Cir. Sept. 30, 1996). Plaintiff further contends the document is not relevant under

Fed.R.Evid. 402 and introducing the determination would be highly prejudicial and have little

probative value under Fed.R.Evid. 403. Defendant contends the determination should be admitted since it appears Plaintiff will be introducing evidence of EEOC's directive to Defendant to retain documents and Defendant's response to the EEOC charge, thus arguing that it would confuse the jury to hear only a portion of what occurred at the EEOC level.

"EEOC determinations are not homogeneous products; they vary greatly in quality and factual detail." Johnson v. Yellow Fright Sys. Inc., 734 F.2d 1304, 1309 (8th Cir. 1984). Because of that, there is a "danger of unfair prejudice" and the possibility that "the time spent ... in exposing the weakness of the EEOC report would add unduly to the length of the trial." Id. Because of such concerns, a district court may categorically refuse to admit EEOC cause determinations at trial. EEOC v. Ford Motor Co., 98 F.3d 1341, 1996 WL 557800, at *12 (6th Cir. Sept. 30, 1996). Categorical refusals aside, the Court concludes that the EEOC determination has little probative weight and a possibility of great prejudice. A jury could attach undue weight to the "No Cause Finding" and view it as a suggestion there was no retaliation, as opposed to merely finding that the agency found no probable cause. See Williams v. Nashville Network, 132 F.3d 1123, 1129 (6th Cir. 1997). Accordingly, Plaintiff's First Motion in Limine is **GRANTED.**

### B.    *Plaintiff's Second Motion in Limine*

Plaintiff moves the Court to exclude comment and evidence regarding Plaintiff's receipt of unemployment compensation and/or the amount thereof. Plaintiff contends her unemployment compensation constitutes a collateral source and in light of the Sixth Circuit's directive that unemployment benefits should not be deducted from back pay awards, the evidence should be excluded. See Conklin v. Lovely, 834 F.2d 543, 551 (6th Cir. 1987). Plaintiff further argues that any probative value of such evidence is greatly outweighed by the risk of unfair prejudice and

confusion of the issues, thus excludable under Fed.R.Evid. 403. Defendant contends that it did not contest Plaintiff's unemployment application and the benefits received are relevant to this matter in the event Plaintiff claims she suffered financial hardship as a result of her termination. Defendant further argues it has asserted an affirmative defense regarding Plaintiff's failure to mitigate damages after her termination, which includes an obligation for her to seek comparable employment.

The Court finds it cannot grant Plaintiff's Second Motion in Limine entirely. The Court finds the argument to exclude from evidence the "amount" Plaintiff received in unemployment compensation well-taken, and accordingly **GRANTS** Plaintiff's Motion as to evidence regarding the amount of benefits received. However, the fact that she received benefits along with allegation she did not seek employment until they expired may be relevant, and if District Judge Phillips allows evidence that Plaintiff received or might have received unemployment benefits after her termination in conjunction with Defendant's affirmative defense of failure to mitigate, then this Court recommends that the District Court consider giving a cautionary instruction to the jury advising them that the evidence is to be considered solely as to the Defendant's affirmative defense and that there is to be no deduction of back pay for unemployment benefits received. Therefore, Plaintiff's Second Motion in Limine is **GRANTED IN PART, DENIED IN PART** reserving other matters raised therein to be determined at trial.

C.      *Plaintiff's Third Motion in Limine*

In this Motion, Plaintiff seeks to bar any evidence from the Tennessee Department of Labor and Workforce Development's "Agency Decision", which states "claimant was discharged from most recent work for unsatisfactory job performance." Plaintiff contends this conclusion was based solely on her application to the agency and Defendant's subsequent response to the application.

Defendant contends this information, while not binding on the Court or the jury, is relevant since it was Plaintiff's own response and interpretation listed on the application. While not making any findings as to the statements Plaintiff may or may not have made and whether or not the Agency's decision was based on Plaintiff's response or Defendant's response, the Court finds the information included in the agency's decision is just their conclusion and beyond the scope of this matter. Furthermore, while not completely applicable, TCA § 50-7-304(k) bars the conclusive effect of such decisions on other subsequent actions and evidences an intent that such should not be used in other hearings. Finally, because a jury could substitute the agency's decision for its own findings, and thus violates the intent of the above statute and because the issue in this case is for the jury to decide, a Federal Rules of Evidence 403 analysis would bar the evidence as the probative value (minimal, if any) is substantially outweighed by the danger of unfair prejudice. For good cause shown, Plaintiff's Third Motion in Limine to exclude the Tennessee Department of Labor and Workforce Development's "Agency Decision" is **GRANTED**.

### D.    *Plaintiff's Fourth Motion in Limine*

Plaintiff seeks to exclude comment and evidence regarding her worker's compensation claim filed as a result of an injury she suffered on the job in or about 2004 and the resulting settlement she received in 2005. Plaintiff contends this information is irrelevant as it was compensation for an injury suffered before she was terminated and it could be prejudicial if the jury uses the information of the settlement to reduce her overall award. Defendant admits the amount of settlement would not affect Plaintiff's award herein, if any, but argues information regarding the settlement is relevant because it reflects Plaintiff has a partial disability from her injury and the settlement was made for her "lifetime diminished wage earning capacity." Defendant further contends the settlement

becomes relevant if Plaintiff argues she suffered financial hardship and/or emotional distress because of financial hardship after being terminated.

The Motion is **GRANTED IN PART, RESERVED IN PART**.  Plaintiff's Motion is **GRANTED** only as to any evidence of Plaintiff's 2004 worker's compensation claim and the amount of the settlement.  However, in this case, <u>if</u> Plaintiff claims financial hardship/destitution resulting from her termination, and/or emotion distress due to financial hardship, some evidence of her financial situation, including the amount of her settlement, could be deemed relevant by District Judge Phillips and if he finds the probative value is not substantially outweighed by the danger of unfair prejudice, it may be admissible.  With regard to Defendant's claim that Plaintiff's partial disability from the injury affects Plaintiff's award for front pay, the Court finds Defendant can introduce evidence of Plaintiff's injury and/or physical limitations without mentioning the worker's compensation award.

### E.       *Plaintiff's Fifth Motion in Limine*

Plaintiff seeks to bar any evidence or testimony about the fact that she had several children with her husband prior to marrying him.  Plaintiff claims this fact is not relevant to any issue and could potentially prejudice members of the jury.  Defendant contends the issue of whether the father of Plaintiff's children provided any financial support after she was terminated may be relevant on the issue of financial hardship suffered.  However, this Court finds Defendant can question Plaintiff, regarding her financial condition, on the issue of financial support provided for her children by their father, without inquiring into circumstances of his or her marital status or relationship.  For good cause shown, Plaintiff's Fifth Motion in Limine is **GRANTED.**

## II.    DEFENDANT'S MOTION IN LIMINE

Defendant moves to exclude evidence of any previously filed EEOC charges or complaints of racial or nationality discrimination [Doc. 127].  Plaintiff responds that she has no intention of introducing such evidence unless Defendant "opens the door" by asserting that this is the first instance of race discrimination of which they have been accused [Doc. 141].  Accordingly, Defendant's Motion in Limine Regarding Previous EEOC Charges or Complaints **[Doc. 127]** is **GRANTED IN PART, DENIED IN PART**.  Plaintiff is not permitted to introduce such evidence during her case-in-chief, however, if Defendant "opens the door", as noted above, such evidence may be admissible by Plaintiff.


## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motions in Limine One Through Five [Doc. 112] are **GRANTED IN PART, DENIED IN PART** as follows: First Motion in Limine is **GRANTED**; Second Motion in Limine is **GRANTED IN PART, DENIED IN PART**; Third Motion in Limine is **GRANTED**; Fourth Motion in Limine is **GRANTED IN PART, RESERVED IN PART**; Fifth Motion in Limine is **GRANTED**.  Furthermore, Defendant's Motion in Limine **[Doc. 127]** is **GRANTED IN PART, DENIED IN PART**.

**IT IS SO ORDERED.**

ENTER:


   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge